IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**GARY LYN FAULKNER,**

      **Plaintiff,**

   v.          CASE NO. 13-3127-SAC

**CORRECT CARE SOLUTIONS, et al.,**

      **Defendants.**

**O R D E R**

 Plaintiff proceeds pro se on a complaint filed under 42 U.S.C. § 1983 while plaintiff was confined in the Johnson County Adult Detention Center in Olathe, Kansas. Also before the court is plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915.

 *Motion for In Forma Pauperis, 28 U.S.C. § 1915*

 Plaintiff must pay the full district court filing fee in this civil action. *See* 28 U.S.C. § 1915(b)(1)(prisoner bringing a civil action or appeal in forma pauperis is required to pay the full filing fee). If granted leave to proceed in forma pauperis, plaintiff is entitled to pay the $350.00 district court filing fee over time, as provided by payment of an initial partial filing fee to be assessed by the court under 28 U.S.C. § 1915(b)(1) and by periodic payments from plaintiff's inmate trust fund account as authorized in 28 U.S.C. § 1915(b)(2). Pursuant to 28 U.S.C. § 1915(b)(1), the court is required to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance

in the prisoner's account for the six months immediately preceding the date of filing of a civil action.

Having reviewed plaintiff's motion, the court finds no initial partial filing fee may be imposed at this time due to plaintiff's limited resources, and grants plaintiff leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(b)(4)(where inmate has no means to pay initial partial filing fee, prisoner is not to be prohibited from bringing a civil action). Plaintiff remains obligated to pay the full $350.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).

*Screening of the Complaint, 28 U.S.C. § 1915A*

Because plaintiff is a prisoner, the court is required to screen the complaint to identify any viable claim, and must dismiss the complaint or any part of it which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(a)-(b).

A pro se party's complaint must be given a liberal construction. *Erickson v. Pardus*, 551 U.S. 89 (2007). However, a party proceeding pro se has "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). To state a claim for relief, the complaint must present allegations of fact, assumed to be true, that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must present "enough facts to state a claim to relief that is plausible on

its face." *Id*. at 570. At this stage, the court accepts all well-leaded allegations as true and views them in the light most favorable to the plaintiff. *Id*. at 555.

Having considered the complaint, the court finds it is subject to being dismissed for the following reasons.

In this action, plaintiff seeks a complete investigation of CCS and other unspecified relief on allegations that he was denied appropriate and necessary medical care while confined in JCADC, and was denied meaningful redress from grievance forms. Plaintiff first cites a sick call on July 2, 2013, to report a knot forming on his penis for which he claims nothing was done but to administer antibiotics. Plaintiff next claims his requests for follow up care by an orthopedic doctor and neurologist concerning plaintiff's prior hospitalization for two back fusions were denied. And third, plaintiff states his grievance forms are either not returned or the responses provided are "frivolous and designed to cover up facts."

<u>Exhaustion of Administrative Remedies</u>

The Prison Litigation Reform Act (PLRA) requires that a prisoner exhaust his administrative remedies before bringing a lawsuit for violation of his federally protected rights. *See* 42 U.S.C. § 1997e(a)("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other

wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

A prisoner's compliance with the exhaustion requirement in § 1997e(a) is not jurisdictional, but rather is an affirmative defense to be raised by defendants opposing the prisoner's suit. *Jones v. Bock*, 549 U.S. 199, 216 (2007). Thus a prisoner is not required to plead or demonstrate that he has exhausted available administrative remedies. *Id.* But when it is clear from the face of the complaint that he has failed to do so and that his failure to exhaust is not due to the action or inaction of prison officials that thwarted the prisoner's attempt to exhaust, summary dismissal of the complaint without prejudice is appropriate. *See Aquilar-Avellaveda v. Terrell,* 478 F.3d 1223, 1225 (10th Cir.2007)(district court can dismiss prisoner complaint for failure to state a claim if it is clear on the face of the complaint that the prisoner has not exhausted available administrative remedies); *Tuckel v. Grover*, 660 F.3d 1249, 1252 (10th Cir.2011)("an administrative remedy is not 'available' under the PLRA if prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of the administrative remedy")(brackets and internal quotation marks omitted).

The court approved form complaint plaintiff submitted in this case includes a question that asks plaintiff whether he had previously sought informal or formal relief from appropriate administrative officials regarding the misconduct alleged in the complaint. Plaintiff provided no answer, other than to indicate he found the question not applicable.

In light of plaintiff's third claim about his JCADC grievances, coupled with the fact that plaintiff mailed his complaint from JCADC

only two weeks after plaintiff's July 2, 2013, sick call, the court finds plaintiff's response to the question about his exhaustion of administrative remedies is ambiguous at best, and grants plaintiff an opportunity to clarify his exhaustion of the established administrative remedy process at JCADC.

The Three Grounds in the Complaint

Notwithstanding plaintiff's clarification regarding his exhaustion of administrative remedies, the court finds the complaint is subject to being summarily dismissed as stating no claim upon which relief can be granted under § 1983 against any defendant. *See* 42 U.S.C. § 1997e(c)(2)("In the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies.").

Whether plaintiff was confined as a prisoner or as a pretrial detainee, prison officials violate the Eighth Amendment when they are deliberately indifferent to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). *See Martinez v. Beggs,* 563 F.3d 1082, 1088 (10th Cir.2009)("Under the Fourteenth Amendment due process clause, 'pretrial detainees are ... entitled to the degree of protection against denial of medical attention which applies to convicted inmates' under the Eighth Amendment.")(quoting *Garcia v. Salt Lake County,* 768 F.2d 303, 307 (10th Cir.1985)). Plaintiff's bare statement that "nothing was done" for a knot forming on his penis fails to provide a sufficient factual basis for plausibly establishing that plaintiff presented a serious medical condition in obvious need

of medical treatment other than the antibiotics he reported being administered. And it is well established that a prisoner's disagreement with the medical care being provided does not present an actionable constitutional claim. *See Fitzgerald v. Corrections Corp. of America*, 403 F.3d 1134, 1142 (10th Cir.2005)(mere difference of opinion about treatment, even among professionals, does not give rise to claim under the Eighth Amendment); *Perkins v. Kansas Dept. of Corrections*, 165 F.3d 803, 811 (10th Cir.1999)("a prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation"). Absent amendment of the complaint to provide a sufficient factual basis to establish a viable claim of constitutional significance, plaintiff's first and second claims are subject to being summarily dismissed.

Plaintiff's third claim about the quality or the lack of responses to his administrative grievances states no claim under § 1983 for which relief can be granted. The Tenth Circuit has recognized that "there is no independent constitutional right to state administrative grievance procedures." *Boyd v. Werholtz*, 443 Fed. Appx. 331, 332 (10th Cir.2011)(citing *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir.1994)). Accordingly plaintiff's third claim, based on allegations that defendants failed to follow grievance procedures and/or respond to his grievances, is subject to being summarily dismissed as stating no claim for relief.

### The Four Defendants Named in the Complaint

Plaintiff names the following as defendants in this action: Correct Care Solutions (CCS); CCS Supervisor Carrie Kay; CCS Doctor Stanton, and the Johnson County Sheriff's Office.

The court finds the complaint lacks a sufficient factual basis for establishing any cause of action against CCS, because plaintiff alleges no denial of necessary medical care pursuant to a CCS custom or policy. *See Monell v. Department of Social Services of City of New York,* 436 U.S. 658, 691-94 (1978)(stating requirements for pursuing a § 1983 claim against a municipality); *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir.2003)(extending *Monell* requirements to a private entity performing a state function).

Moreover, plaintiff alleges no personal participation by defendants Stanton or Kay in denying plaintiff necessary medical care for purposes of stating an actionable claim against either of these individuals. "Personal participation is an essential allegation in a § 1983 claim," *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir.1996)(quotation omitted), and "[t]here is no concept of strict supervisor liability under § 1983." *Serna v. Colorado Department of Corrections*, 455 F.3d 1146, 1151 (10th Cir.2006).

Finally the Jonson County Sheriff's office is subject to being summarily dismissed because this is not a suable entity. *See e.g. Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir.1985)("The City of Denver Police Department is not a separate suable entity.")(internal quotation marks omitted).

**Notice and Show Cause Order to Plaintiff**

Thus for the reasons stated herein, plaintiff is directed to show cause why the complaint should not be summarily dismissed as stating no claim for relief for the reasons stated herein. The failure to file a timely response may result in the complaint being dismissed without further prior notice.

IT IS THEREFORE ORDERED that plaintiff's motion (Doc 2) for leave to proceed in forma pauperis is granted, with payment of the $350.00 district court filing fee to proceed as authorized by 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint should not be summarily dismissed as stating no claim for relief against any named defendant.

A copy of this order shall be mailed to plaintiff and to the finance officer where plaintiff is currently confined.

**IT IS SO ORDERED.**

DATED:  This 3rd day of October 2013 at Topeka, Kansas.

       s/ Sam A. Crow
       SAM A. CROW
       U.S. Senior District Judge